UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

PETER A. WRIGHT,

                                Petitioner,

    -v.-

                                                     9:10-CV-412

LAURINE D. JONES, Acting                     (NAM/ATB)
Superintendent of Cayuga
Correctional Facility,

                                Respondent.

ANDREW T. BAXTER,[1] United States Magistrate Judge

## REPORT AND RECOMMENDATION

**I.    Introduction**

      Petitioner filed this application for habeas corpus relief on April 7, 2010. (Dkt. No. 1). Petitioner was convicted of Criminal Possession of a Weapon, Second Degree (N.Y. Penal Law § 265.03(3)) and was sentenced to a determinate prison term of 3 ½ years, plus 5 years of post-release supervision. *People v. Wright*, 69 A.D.3d 972, 972 (3d Dep't 2010), *lv. denied*, 14 N.Y.3d 807 (2010). Petitioner raises one ground for relief in his application for habeas relief, alleging that the weapons possession charge should have been dismissed because the gun should have been suppressed. (Pet. ¶ 12(A)). Respondent filed her opposition papers on June 28, 2010, arguing, *inter alia*, that the challenge to petitioner's conviction was barred by *Stone v. Powell*, 428 U.S. 465 (1976). The court agrees with the respondent for the reasons discussed below.

---

[1] This case was originally assigned to Magistrate Judge Gustave J. Di Bianco, but was re-assigned to me upon Judge Di Bianco's retirement.

## II.   Background

### A.   Facts

On June 19, 2007, police observed petitioner get out of his vehicle, urinate nearby, return to his car, and throw a container out of the vehicle window onto a nearby lawn. Officers approached petitioner's car, which had three other passengers, and observed open beer bottles, a small bag of marijuana in the door, and a pillowcase containing a large brick of what appeared to be marijuana. The officers had the occupants exit the car, and one officer obtained petitioner's verbal consent to search the vehicle. Pursuant to the search, the officers recovered a revolver from beneath the driver's seat, which petitioner told the police was his.

### B.   State Court Proceedings

A Broome County grand jury charged petitioner with Criminal Possession of a Weapon in the Second Degree (N.Y. Penal Law § 265.03(3)). Petitioner moved to suppress the gun, and the county court conducted a suppression hearing on March 13, 2008. (Pre-trial Hearing Transcript pp. 92–93). The court held that the petitioner gave the officers consent to search the vehicle and denied petitioner's motion to suppress the revolver. *Id.*

Petitioner pled guilty on March 20, 2008, and was sentenced to 3 ½ years imprisonment with 5 years of post-release supervision on May 29, 2008. (Sentencing Minutes pp. 3–4). Petitioner filed a direct appeal with the Third Department, which examined the record, and after discussing the merits of petitioner's Fourth Amendment claim, unanimously affirmed petitioner's judgment of conviction on

January 7, 2010.  *People v. Wright*, 69 A.D.3d 972 (3d Dep't 2010).  On March 18, 2010, the New York Court of Appeals denied petitioner's application for leave to appeal.  *People v. Wright*, 14 N.Y.3d 807 (2010).

## DISCUSSION

**III.    Suppression**

Petitioner argues, as he did in his appeal to the Appellate Division, that the weapon possession conviction should be overturned because the gun should have been suppressed.  (*See* Pet. ¶ 12A).  Petitioner bases his claim on the allegation that the officers searched the vehicle without probable cause or obtaining petitioner's consent.  *Id.*  Petitioner's Fourth Amendment claim is barred from federal habeas review by *Stone v. Powell*, 428 U.S. 465 (1976).  In *Stone*, the Supreme Court held that where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the petitioner may not challenge an allegedly unconstitutional search and seizure in application for federal habeas relief.  *Id.* at 481–82; *see also Capellan v. Riley*, 975 F.2d 67, 70 (2d Cir. 1992).

The Second Circuit has determined that review of a Fourth Amendment claim in a habeas corpus application is proper only if: (1) the state has provided no corrective procedures at all to redress the alleged Fourth Amendment violations; or (2) the state has provided a corrective mechanism, but the defendant was precluded from using that mechanism because of an unconscionable breakdown in that process.  *See Capellan*, 975 F.2d at 70; *Gates v. Henderson*, 568 F.2d 830, 839–40 (2d Cir. 1977).  New York provides an approved mechanism for litigating Fourth Amendment claims.  *See*

*Capellan*, 975 F.2d at 70. Petitioner in this case utilized that mechanism, but the court denied his motion to suppress. Petitioner has not alleged any facts that would demonstrate an unconscionable breakdown of the process. Based upon *Stone*, petitioner cannot now challenge the legality of the seizure of the gun, and his Fourth Amendment claim should be dismissed.

## IV.     Certificate of Appealability

For the reasons set forth above, the petition for a writ of habeas corpus filed by Petitioner should be denied and dismissed. In addition, no certificate of appealability ("COA") should issue in this case because petitioner has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2). *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("§ 2253 permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right'"); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong"); *Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (If the denial of a habeas petition is based upon procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, and (2) that the applicant has established a valid constitutional violation"); *see also Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000).

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that the Petition be **DENIED** and **DISMISSED**; and it is further

**RECOMMENDED**, that no certificate of appealability should be issued.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Dated: September 10, 2010

Hon. Andrew T. Baxter
U.S. Magistrate Judge