UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PETER A. WRIGHT,

                         Petitioner,

v.                                                9:10-CV-0412
                                                      (GTS/ATB)

LAURINE D. JONES,

                         Respondent.
_____

APPEARANCES:                                           OF COUNSEL:

PETER A. WRIGHT
  Petitioner, *Pro Se*
320 Chenango Street
Binghamton, New York 13901

HON. ANDREW M. CUOMO                      PRISCILLA I. STEWARD, ESQ.
Attorney General for the State of New York       Assistant Attorney General
  Counsel for Respondent
120 Broadway
New York, New York 10271

HON. GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

      Peter A. Wright ("Petitioner") filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on April 7, 2010. (Dkt. No. 1) By Report-Recommendation dated September 10, 2010, United States Magistrate Judge Andrew T. Baxter recommended that the petition be denied and dismissed, and that a certificate of appealability not issue. (Dkt. No. 11) Petitioner has not filed an Objection to the Report-Recommendation, and the time in which to do so has expired. For the reasons set forth below, Magistrate Judge Baxter's Report-Recommendation is accepted and adopted in its entirety, and Petitioner's petition is denied and dismissed.

I.      **APPLICABLE LEGAL STANDARDS**

    A.      **Standard of Review**

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[1] When only general objections are made to a magistrate judge's report-recommendation (or the objecting party merely repeats the allegations of his pleading), the Court reviews for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[2] Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted]. After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

---

    [1]     On *de novo* review, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse discretion in denying plaintiff's request to present additional testimony where he "offered no justification for not offering the testimony at the hearing before the magistrate").

    [2]     *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report . . . [did not] redress the constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted . . . [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), *aff'd*, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

B.     **Standard Governing Review of Petitioner's Habeas Petition**

"Enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (1996), brought about significant new limitations on the power of a federal court to grant habeas relief to a state court prisoner under 28 U.S.C. § 2254." *Capra v. LeClair*, 06-CV-1230, 2010 WL 3323676, at *7 (N.D.N.Y. Apr. 12, 2010) (Peebles, M.J.). Under the AEDPA, "a determination of a factual issue made by a State court shall be presumed to be correct [and t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Boyette v. Lefevre*, 246 F.3d 76, 88 (2d Cir. 2001). Significantly, a federal court may not grant habeas relief to a state prisoner on a claim

> that was adjudicated on the merits in State court proceedings unless the adjudication of the claim . . . (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Thibodeau v. Portuondo*, 486 F.3d 61, 65 (2d Cir. 2007); *Noble v. Kelly*, 246 F.3d 93, 98 (2d Cir.), *cert. denied*, 534 U.S. 886 (2001); *Boyette*, 246 F.3d at 88. When applying this test, the Second Circuit has noted that

> [u]nder AEDPA, we ask three questions to determine whether a federal court may grant habeas relief: (1) Was the principle of Supreme Court case law relied upon in the habeas petition "clearly established" when the state court ruled? (2) If so, was the state court's decision "contrary to" that established Supreme Court precedent? (3) If not, did the state court's decision constitute an "unreasonable application" of that principle?

*Williams v. Artuz*, 237 F.3d 147, 152 (2d Cir. 2001) (citing *Francis S. v. Stone*, 221 F.3d 100, 108-09 [2d Cir. 2000] [citing *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495 [2000]).

"Because the AEDPA's restriction on federal habeas power was premised in no small part upon the duty of state courts to uphold the Constitution and faithfully apply federal laws, the AEDPA's exacting review standards apply only to federal claims which have been actually adjudicated on the merits in the state court." *Capra*, 2010 WL 3323676, at *8 (citing *Washington v. Schriver*, 255 F.3d 45, 52-55 [2d Cir. 2001]). "Specifically, as the Second Circuit explained in *Sellan v. Kuhlman*, '[f]or the purposes of AEDPA deference, a state court adjudicate[s] a state prisoner's federal claim on the merits when it (1) disposes of the claim on the merits, and (2) reduces its disposition to judgment.'" *Id*. (quoting *Sellan v. Kuhlman*, 261 F.3d 303, 312 [2d Cir. 2001]) (other citations omitted). "Significantly, the Second Circuit further held that when a state court adjudicates a claim on the merits, 'a federal habeas court must defer in the manner prescribed by 28 U.S.C. § 2254(d)(1) to the state court's decision on the federal claim- even if the state court does not explicitly refer to either the federal claim or to relevant federal case law.'" *Id*. (quoting *Sellan*, 261 F.3d at 312).

"When it is determined that a state court's decision was decided 'on the merits,' that decision is 'contrary to' established Supreme Court precedent if it applies a rule that contradicts Supreme Court precedent, or decides a case differently than the Supreme Court on a set of materially indistinguishable facts." *Id*. (quoting *Williams*, 529 U.S. at 405-06). "Additionally, a federal court engaged in habeas review must also determine not whether the state court's determination was merely incorrect or erroneous, but instead whether it was 'objectively unreasonable.'" *Id*. (quoting *Sellan*, 261 F.3d at 315). The Second Circuit has noted that this inquiry admits of "[s]ome increment of incorrectness beyond error," though "the increment need not be great [.]" *Francis S.*, 221 F.3d at 111.

## II.   ANALYSIS

For the sake of brevity, the Court will not repeat the factual background of Petitioner's 2008 conviction for criminal possession of a weapon in the second degree, but will simply refer the parties to the relevant portions of Magistrate Judge Baxter's Report-Recommendation, which accurately recites that factual background. (Dkt. No. 11, at 2-3.)

### A.   Petitioner's Claim

In his petition, Petitioner alleges that his conviction for weapons possession should be overturned because the gun evidence that was introduced at trial should have been suppressed. Petitioner further alleges that the officers who conducted the search of his vehicle did so without probable cause or his consent. (Dkt. No. 11, at 3-4.)

### B.   Magistrate Judge Baxter's Report-Recommendation

In his Report-Recommendation, Magistrate Judge Baxter recommends dismissal of Petitioner's petition because (1) Petitioner was given the opportunity to bring a motion to suppress in the State court proceeding, which was denied, and (2) Petitioner failed to allege or otherwise provide evidence that (a) the State court obstructed him in the process of bringing this motion, or (b) he otherwise experienced a breakdown in the process. (Dkt. No. 11, at 3-4.)

## III.   ANALYSIS

As an initial matter, the Court finds that Petitioner has failed to make specific objections with regard to Magistrate Judge Baxter's Report-Recommendation. As a result, the Court must review the Report-Recommendation for only clear error.

After carefully reviewing all of the papers in this action, including Magistrate Judge Baxter's Report-Recommendation, the Court agrees with each of the recommendations made by Magistrate Judge Baxter. Magistrate Judge Baxter employed the proper legal standards,

accurately recited the facts, and correctly applied the law to those facts. (Dkt. No. 11, at 3-5.)[3] As a result, the Court accepts and adopts Magistrate Judge Baxter's Report-Recommendation in its entirety for the reasons stated therein.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 11) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Petitioner's petition (Dkt. No. 1 ) is **DENIED** and **DISMISSED** in all regards; and it is further

**ORDERED** that a certificate of appealability not issue with respect to any of the claims set forth in the petition as Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).

Dated: December 6, 2010
      Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge

---

[3] The Court notes that Magistrate Judge Baxter's thorough Report-Recommendation would survive even a *de novo* review.